**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Valerie Antionette Garcia, | No. CV-24-00579-TUC-SHR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is a Report and Recommendation ("R&R") (Doc. 22) issued by United States Magistrate Judge Jacqueline M. Rateau recommending the Court reverse the decision of the Administrative Law Judge ("ALJ") and remand this matter for further proceedings. Plaintiff, Valerie Antionette Garcia, has filed an Objection (Doc. 23), and Defendant did not respond. For the following reasons, the Court will overrule Plaintiff's Objection, adopt the R&R, reverse the decision of the ALJ with respect to Plaintiff's symptom testimony, and remand this matter for further proceedings.

## I.     Background[1]

In September 2021, Plaintiff filed an application for Supplemental Security Income and Social Security Disability Income benefits based on her diagnoses with schizoaffective disorder; bipolar disorder; borderline personality disorder; trauma disorder; and substance

---

[1]Because neither party objects to the R&R's recitation of the factual and procedural history (*see generally* Doc. 23), the Court adopts the factual findings and will only restate the relevant procedural history.

abuse disorder including amphetamine and cannabis use.  (Doc. 22 at 1–2.)  The ALJ issued an unfavorable decision in November 2023, which the Social Security Administration Appeals Counsel adopted as the agency's final decision.  (*Id.* at 2.)

In December 2024, Plaintiff filed a Complaint in this Court, asserting, in relevant part, the ALJ erred by rejecting both Plaintiff's testimony regarding her symptoms and the assessment of her treating mental health provider, nurse practitioner Sharon Grant ("NP Grant").  (Doc. 1.)  In November 2025, Magistrate Judge Rateau issued an R&R recommending the Court reject Plaintiff's arguments regarding NP Grant's assessment but find the ALJ erred in discounting Plaintiff's symptom testimony.  (Doc. 22 at 9, 15.) Regarding the appropriate remedy, the R&R concludes remand for immediate calculation and payment of benefits is not warranted, instead recommending remanding for further proceedings.  (*Id.* at 16.)

Plaintiff objects to the R&R, challenging the R&R's analysis of the ALJ's findings regarding NP Grant's assessment.  (Doc. 23 at 3–7.)  Additionally, although neither party challenges the R&R's conclusion the ALJ erred in discounting Plaintiff's symptom testimony, Plaintiff objects to the R&R's conclusion remand for immediate reward is inappropriate.  (*Id.* at 7–10.)

## II.    Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  If an objection is made, the Court "must review the magistrate judge's findings and recommendations de novo."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  The Court is obligated to review only the specific portions of the report, proposed findings, or recommendations to which the parties object.  *See* § 636(b)(1).  The party seeking de novo review must provide "specific written objections to the proposed findings and recommendations" in the R&R.  Fed. R. Civ. P. 72(b)(2).  If, following review, "the district court is satisfied with the magistrate judge's findings and recommendations it may in its discretion treat those findings and recommendations as its own."  *Morris v. Shinn*, No. CV

20-322-TUC-JAS (EJM), 2023 WL 6248830, at *2 n.5 (D. Ariz. Sept. 26, 2023) (quoting *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995)).  District courts "conduct proper de novo review where they state they have done so, even if the order fails to specifically address a party's objections." *United States v. Ramos*, 65 F.4th 427, 433–34 (9th Cir. 2023) ("[T]he district court ha[s] no obligation to provide individualized analysis of each objection.").

Objections to R&Rs "are not to be construed as a second opportunity to present the arguments already considered by the Magistrate Judge." *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004); *see also Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("The purpose of the Federal Magistrates Act is to relieve courts of unnecessary work," and "[t]here is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.").  Accordingly, objections that merely repeat or rehash arguments already addressed in the R&R are insufficient to trigger de novo review and are instead reviewed for clear error.  *See Tinlin v. Hudson*, No. CV-24-00425-TUC-JCH, 2025 WL 2468802, at *1 (D. Ariz. Aug. 27, 2025).

### III. Analysis

#### a. Medical Assessment

Plaintiff challenges the R&R's conclusion the ALJ did not err in discrediting NP Grant's medical assessment.  Overall, Plaintiff asserts, as she does in her Complaint, the ALJ did not sufficiently address the supportability and consistency factors required under the new SSA regulations in his decision to discount NP Grant's opinion, and his decision to discredit the assessment was not supported by substantial evidence in the record.  (Doc. 1 at 4; Doc. 23 at 3–7.)

The SSA regulations provide the most important factors to consider when evaluating the persuasiveness of medical opinions are "supportability" and "consistency."  20 C.F.R. § 404.1520c(a).  Supportability refers to "the extent to which a medical source supports the medical opinion by explaining the 'relevant . . . objective medical evidence.'"  *Woods v.*

*Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting § 404.1520c(c)(1)).  Consistency refers to "the extent to which a medical opinion is 'consistent . . . with the evidence from other medical sources and nonmedical sources in the claim."  *Id.* at 792 (quoting § 404.1520c(c)(2)).  An ALJ "cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence" and "must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [it] considered the supportability and consistency factors' in reaching these findings."  *Id.* (quoting § 404.1520c(b)).

First, Plaintiff asserts the ALJ was required, under 20 C.F.R. § 404.1520, to evaluate the consistency of NP Grant's assessment with medical sources other than her own treatment notes before discounting the opinion.  (Doc. 23 at 3–7.)  This argument has already been fully addressed by the R&R.  (Doc. 22 at 11–13.)  The Court does not find the R&R's conclusion on this issue to be clearly erroneous.  *See Tinlin*, 2025 WL 2468802, at *1.  In any event, contrary to Plaintiff's assertion, internal inconsistency between a provider's notes and assessment is a "permissible basis for discounting [a] medical opinion under the new SSA regulations" regardless of whether that inconsistency is "characterized as a flaw of 'consistency' or 'supportability.'"  *Tristan v. Comm'r of Soc. Sec. Admin*, No. CV-20-02240-PHX-DWL, 2022 WL 1707953, at *3 (D. Ariz. May 27, 2022).

Next, Plaintiff argues "[t]he ALJ's evaluation of NP Grant's underlying treatment records failed to provide substantial evidence that the treatment record did not support NP Grant's assessment when NP Grant observed positive objective findings *relevant* to [Plaintiff]'s mood disorders and supportive of the assessed limitations."  (Doc. 23 at 6.)  The Court rejects this argument.  Even acknowledging such evidence exists to support NP Grant's assessment, the Court will not reverse the ALJ's determination unless it is based on legal error or is not supported by substantial evidence.  *See Reddick v. Chater*, 157 F.3d 715, 720–21 (9th Cir. 1998) ("If the evidence can reasonably support either affirming or reversing the Secretary's conclusion, the court may not substitute its judgment for that of the Secretary."); *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995) (stating where

evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld).  As discussed in the R&R, the ALJ provided numerous reasons why NP Grant's medical opinion evidence was unsupported by her medical notes before discounting her assessment.  (*See* Doc. 22 at 10.)  Accordingly, the ALJ did not err in determining NP Grant's assessment was unsupported by the record.  *See Kitchen v. Kijakazi*, 82 F.4th 732, 740–41 (9th Cir. 2023) (An ALJ may reject a physician's "check-off report[] that do[es] not contain any explanation of the bases of their conclusions," especially when that check-off form was internally inconsistent with other medical records.); *Cottrell v. Bisignano*, No. 24-4200, 2025 WL 3553139, at *1 (9th Cir. Dec. 11, 2025).

Because the ALJ sufficiently addressed both consistency and supportability in his analysis and substantial evidence supports the ALJ's reasons for discrediting NP Grant's medical opinion, the Court will overrule Plaintiff's objections and adopt the R&R's conclusion on this issue.

b.  Disposition

As discussed, neither party objects to the R&R's conclusion the ALJ materially "erred in discounting [Plaintiff]'s symptom testimony by not providing clear and convincing reasons supported by substantial evidence."[2]  (Doc. 22 at 15.)  Instead, Plaintiff objects to the R&R's determination remand for immediate calculation and payment of benefits is an inappropriate remedy, arguing such remedy is appropriate because "there were no significant factual conflicts that require resolution before a finding of disability, and this record as a whole does not create serious doubt that [Plaintiff] was disabled." (Doc. 23 at 10.)

Under 42 U.S.C. § 405(g), a court may affirm, modify, or reverse a decision of the Commissioner "with or without remanding the cause for a rehearing."  Thus, if appropriate, "courts are free to reverse and remand a determination by the Commissioner with instructions to calculate and award benefits."  *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th

---

[2]The Court will adopt the R&R's conclusion the ALJ erred in discrediting Plaintiff's symptom testimony.

Cir. 2014). However, if "the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the Court may decline remand for the immediate award of benefits and instead remand for further proceedings. *Id.* at 1021. "An automatic award of benefits in a disability benefits case is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) ("[O]ur jurisprudence . . . requires remand for further proceedings in all but the rarest cases.").

Contrary to Plaintiff's assertion, the record indicates there remains doubt as to Plaintiff's disability status. The Court's conclusion the ALJ erred in discrediting Plaintiff's symptom testimony does not automatically require the ALJ to find Plaintiff disabled on remand, particularly in light of the Court's conclusion the ALJ did not err in discounting NP Grant's assessment. *See* 42 U.S.C. § 423(d)(5)(A) (stating "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability"); 20 C.F.R. 404.1529(a) (explaining statements about pain or other symptoms will not alone establish disability). Further, because the Court cannot say for certain Plaintiff is disabled within the meaning of the Social Security Act, it declines to exercise its discretion to remand for immediate award of benefits. *Treichler*, 775 F.3d at 1101 (explaining remand for award of benefits is appropriate only where there is "not the slightest uncertainty" as to the outcome of the proceeding); *Leon*, 880 F.3d at 1045 (stating remand for award of benefits is "intended as a rare and prophylactic exception to the ordinary remand rule when there is no question that a finding of disability would be required if [the improperly rejected evidence] were accepted as true"). The Court will adopt the R&R's recommended disposition over Plaintiff's objection and remand for further proceedings. *See Garrison*, 759 F.3d at 1021.

## IV.   Conclusion

**IT IS ORDERED**:

(1) Plaintiff's Objection (Doc. 23) is **OVERRULED**.

(2) The R&R (Doc. 22) is **ADOPTED**.

(3) The ALJ's decision is **REVERSED** to the extent it discredited Plaintiff's symptom testimony, and this matter is **REMANDED** to the agency for further proceedings.

(4) The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 31st day of March, 2026.

Honorable Scott H. Rash
United States District Judge